WATSON V. LEONARD *vs.* FELICIA E. MOTLEY and others.

Kennebec. Opinion October 6, 1883.

*R. S., c. 75, § 11. Levy. Practice. Dower. Petition for partition.*

To enforce the lien given by R. S., c. 75, § 11, it is necessary that the heir should have notice, either actual or constructive, of the suit of the administrator, in which his share of the estate is attached, so that the court may have jurisdiction and render a valid judgment. Where it is apparent on the

face of the record that no notice was given, the levy of an execution on the heir's share will not defeat a levy regularly made by his creditors.

A widow's right of dower, unassigned, is no bar to partition among tenants in common. But such widow is not a proper party to a petition for partition among them; and if wrongly joined as a respondent she must be discharged with costs.

ON REPORT.

Petition for partition of the farm in Albion, which was owned by Ezra Pray at the time of his decease.

The material facts are stated in the opinion.

*G. T. Stevens,* for the petitioner, cited: *Blaisdell* v. *Pray,* 68 Maine, 271; *Ward* v. *Gardiner,* 112 Mass. 42; *Pierce* v. *Strickland,* 26 Maine, 293; *Pond* v. *Makepeace,* 2 Met. 114; *Downs* v. *Fuller,* 2 Met. 135; *Deering* v. *Lord,* 45 Maine, 293; *Parks* v. *Crockett,* 61 Maine, 492; *Cunningham* v. *Buck,* 43 Maine, 456; *Annis* v. *Gilmore,* 47 Maine, 152; *McNally* v. *Kerswell,* 37 Maine, 552; *Holyoke* v. *Gilmore,* 45 Maine, 566.

*W. A. Lancaster,* for the respondents, cited: *Ward* v. *Gardiner,* 112 Mass. 42; *Motley* v. *Blake,* 12 Mass. 280; R. S., c. 75, § 11.

BARROWS, J. The undivided fifth part of the premises of which the petitioner asks to have his share set off in severalty, and which descended from Ezra Pray to his son Ezra A. was attached and levied upon by the plaintiff and other creditors of said Ezra A.—the petitioner becoming entitled to four hundred thirteen seven hundred twentieths, and the other creditors to the remainder thereof. No irregularity is suggested in the proceedings, and the petitioner is entitled to the partition prayed for unless the respondents make good their plea that the title is not in the petitioner but in themselves, which they undertake to do by virtue of a later attachment and levy made upon the share of Ezra A. Pray by the administrator of Ezra Pray, in satisfaction of a debt due from said Ezra A. to his father, from whom the estate descended. This, though later in date, they claim takes precedence of the levy under which the plaintiff's title accrues, because of the lien given by R. S., c. 75, § 11. But that lien in order

to defeat the attachments of the heirs' creditors must be enforced by legal proceedings within two years after administration granted upon the ancestor's estate.

Respondents' counsel argues that here is a literal compliance with the calls of the statute, because he shows a suit brought by the administrator, and an attachment within the required time and a levy within thirty days after judgment. But, unfortunately for the respondents, it is apparent upon inspection that the record in the suit *Henry E. Pray, administrator*, v. *Ezra A. Pray*, is the record of a judgment absolutely void for want of notice to the defendant, either actual or constructive, and thus in fact rendered by a court that had no jurisdiction in the premises. It is true as this court said in *Penobscot R. R. Co.* v. *Weeks*, 52 Maine, 462, that "the weight of authority seems to be, with respect to domestic judgments of courts of general and common law jurisdiction, that the recital of notice will be conclusive when the judgment is attacked collaterally, and that such judgment will be regarded as absolutely void only when the want of notice is apparent upon inspection." But here there is no recital of notice and it is apparent on inspection that none was given. Herein the record differs fatally from that in *Leonard* v. *Pray*, under which the petitioner claims. It is true that the report here presented speaks of an "order of notice and proof of notice in the suit of *Pray, adm'r*, v. *Pray*," as presented by the respondents ; but, as to the proof of notice, it compares well with the celebrated chapter entitled "The snakes of Ireland," in the history of that country, the sum total of which chapter is — "There are no snakes in Ireland." As a muniment of title, the record in *Pray, adm'r*, v. *Pray*, is an absolute failure, and the statute giving a lien never contemplated the levy of an execution issued upon a judgment which the court had no jurisdiction to render, as sufficient to enforce the lien.

Nor is the existence of a right of dower, which has never been assigned to Eveline Pray, the widow of Ezra Pray, an obstacle to partition. *Blaisdell* v. *Pray*, 68 Maine, 269, 271 ; *Ward* v. *Gardner*, 112 Mass. 42.

But Eveline Pray, though she has a right of dower in the estate, is not a tenant in common with the petitioner and the other owners; and she is wrongly made a party in this process. *Ward* v. *Gardner*, *supra.* She has no estate in the premises until her dower has been assigned or otherwise set out to her. If she neglects to have this done until the estate has been divided she must take her dower in the several pieces. But the plea specially filed in her behalf is a valid one, and not being a tenant in common she is entitled in this process to judgment in her favor for costs as improperly brought into court.

> *Judgment for partition as prayed for. Judgment for Eveline Pray for her costs.*

APPLETON, C. J., DANFORTH, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.